<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE ALMONTE,                          :
                                       :  Civil Action No. 08-394 (JAP)
                    Plaintiff,         :
                                       :
                                       :
          v.                           :  **OPINION**
                                       :
DEPARTMENT OF THE TREASURY,            :
et al.,                                :
                                       :
                    Defendants.        :

**APPEARANCES:**

>       JOSE ALMONTE, Plaintiff <u>pro se</u>
>       Reg. # 21188-018
>       FCI Fort Dix
>       Inmate Mail/Parcels
>       East P.O. Box 2000
>       Fort Trenton, New Jersey 08650

**PISANO**, District Judge

    Plaintiff Jose Almonte, currently a federal inmate confined

at the Federal Correctional Institution in Fort Dix, New Jersey

("FCI Fort Dix"), seeks to bring this action <u>in forma pauperis</u>,

alleging violations of his constitutional rights under 42 U.S.C.

§ 1983.[1]  Based on his affidavit of indigence, the Court will

---

    [1]  This matter was administratively terminated by Order of
this Court on February 15, 2008 and again on June 18, 2008,
because plaintiff had not paid the filing fee or submitted a
complete application to proceed <u>in forma pauperis</u> ("IFP"), with
his six-month prison account statement as provided by 28 U.S.C. §
1915(a)(2).  The Orders allowed plaintiff thirty (30) days to
submit a letter request to re-open the case with his complete IFP
application, or the filing fee.  On July 18, 2008, plaintiff

grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>
pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the
Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant
to 28 U.S.C. § 1915(e)(2), to determine whether it should be
dismissed as frivolous or malicious, for failure to state a claim
upon which relief may be granted, or because it seeks monetary
relief from a defendant who is immune from such relief.  For the
reasons set forth below, the Court concludes that the Complaint
should be dismissed without prejudice at this time for failure to
exhaust administrative remedies.

## I.  BACKGROUND

Plaintiff, Jose Almonte ("Almonte"), brings this action
against numerous federal defendants, namely, the Department of
Treasury, Internal Revenue Service ("IRS"); the Department of
Justice ("DOJ"), Federal Bureau of Prisons ("FBOP"); Lieutenant
Christopher Lewars of the FBOP; Christopher Christie, United
States Attorney; Peter N. Katz, Assistant U.S. Attorney; Brian
Gray, IRS agent; and unidentified John Does 1 to 20.  (Complaint,
Caption and § III. Parties).  The following factual allegations
are taken from the Complaint, and are accepted for purposes of

---

submitted a complete IFP application with a request to re-open
his case.  This case was re-opened for consideration of the IFP
application on July 21, 2008.

this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Almonte brings this action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights under the United States Constitution.  (Compl., §§ I and IX).  Almonte complains that he was made a material witness and transferred to the Monmouth County Correctional Institution ("MCCI"), where he was placed in protective custody for about seven weeks.  During the time he was confined at MCCI under protective custody, plaintiff was under "lock down" for 23 hours each day with only one hour of recreation each day outside his cell.  (Compl., § VI, ¶¶ 1-3).

Almonte further complains that he was transferred without any of his personal property, receiving only one jumper and a pair of shoes at MCCI upon arrival.  He was not given any shower shoes, and consequently, contracted a foot fungus at MCCI.  He also complains that recommended surgery was delayed during the time he was confined at MCCI, and he will now have to wait for the FCI Fort Dix Medical Department to schedule his surgery.  (Compl., § VI, ¶¶ 4-7).

Next, Almonte alleges that he lost a high-paying UNICOR job at FCI Fort Dix, earning $75.00 a month, when he was transferred to MCCI.  He also states that after he was released from

protective custody, he was placed in Pod C, and then Pod H2, at
MCCI with one of the "defendants."[2]  He remained at MCCI for an
additional three to four weeks.  During this time, the
unidentified "defendant" allegedly stole plaintiff's identity and
filed fraudulent IRS returns in Almonte's name.  Almonte claims
that he did not know this "defendant" roommate until he was
transferred to MCCI.

Almonte seeks approximately $1.1 million in compensatory
damages from the named defendants as remedy for the harsh
treatment he endured during the time he was confined at MCCI.  He
also seeks an unspecified amount in nominal and punitive damages
from the defendants.  (Compl., §§ VII and VIII).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§

---

[2]  The Complaint does not identify which "defendant" was
housed with plaintiff .

4

1915(e)(2)(B) and 1915A.  Here, plaintiff is a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined at MCCI.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  See Erickson, 127 S.Ct. at

5

2200.  Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted.  Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Under the PLRA, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir.

2004)(holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default").[3]  The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to the prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous lawsuits."  Id. at 230.  With the exhaustion requirement, Congress intended to afford "correctional officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions.  Porter v. Nussle, 534 U.S. 516, 520, 532 (2002).  Claims requiring exhaustion include allegations of poor or indifferent medical treatment.  Spruill, 372 F.3d at 236.

---

[3]  Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available and exhausted." 42 U.S.C. § 1997e(a).  Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  Egervary v. Young, 336 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel," there is a "general trend" to incorporate § 1983 law into Bivens suits.  Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

Additionally, the plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. <u>Nussle</u>, 534 U.S. at 524. Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. <u>Concepcion v. Morton</u>, 306 F.3d 1347, 1348-49 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. <u>Camino v. Scott</u>, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006)(citing <u>Nyhuis</u>, 204 F.3d at 67; <u>Spruill</u>, 372 F.3d at 232). Failure to exhaust administrative remedies mandates dismissal of the inmate's claim. <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001); <u>Wilkins v. Bittenbender</u>, No. 04-2397, 2006 WL 860140 (M.D. Pa. March 31, 2006); <u>Ahmed v. Sromovski</u>, 103 F. Supp.2d 838, 843 (E.D. Pa. 2000).

Here, the Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek review of any complaint regarding any aspect of his imprisonment. <u>See</u> 28 C.F.R. § 542, <u>et seq</u>. Plaintiff admits that he has not attempted to exhaust his administrative remedies because it was "not required."[4] (Compl. at § IV). Therefore, from the face of

---

[4]  In <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit held that the exhaustion provision of 42 U.S.C. § 1997e(a) is not a

the Complaint, this Court finds that Almonte has failed to exhaust his administrative remedies before bringing this federal action as required by the PLRA.  The Complaint will be dismissed without prejudice accordingly.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, for failure to exhaust administrative remedies.  An appropriate order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 29, 2008

---

jurisdictional requirement; rather, it is an affirmative defense to be pleaded by the defendant.  Consequently, sua sponte dismissal is not appropriate where plaintiff has pled exhaustion of administrative remedies in his complaint.  Id. at 293 n.5. Nevertheless, the Third Circuit acknowledged that sua sponte dismissal may be appropriate where the failure to exhaust is readily apparent from the face of the complaint.  Id.